UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CATHERINE BAILEY,**

        **Plaintiff,**

**v.**                                        **Case No:   6:18-cv-1518-Orl-37LRH**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

### REPORT AND RECOMMENDATION

Catherine Bailey (Claimant) appeals the Commissioner of Social Security's final decision denying her application for disability benefits. (Doc. 1). The Claimant raises several arguments challenging the Commissioner's final decision and, based on those arguments, requests that the matter be reversed and remanded for further proceedings. (Doc. 15 at 8-11, 15-16, 18). The Commissioner argues that the Administrative Law Judge (ALJ) committed no legal error and that her decision is supported by substantial evidence and should be affirmed. (*Id*. at 11-14, 16-18). Upon review of the record, the undersigned respectfully **RECOMMENDS** that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

**I.     Procedural History**

This case stems from the Claimant's application for supplemental security income. (R. 232-37). The Claimant initially alleged a disability onset date of July 1, 2012 (R. 232), but later amended that date to July 30, 2014 (R. 38). The Claimant's application was denied on initial review and on reconsideration. The matter then proceeded before an ALJ. On August 30, 2017, the ALJ entered a decision denying the Claimant's application for disability benefits. (R. 10-24). The

Claimant requested review of the ALJ's decision, but the Appeals Council denied her request for review. (R. 1-3). This appeal followed.

## II. The ALJ's Decision

The ALJ found that the Claimant suffered from the following severe impairments: disorders of the spine; fibromyalgia; arthralgias; chronic obstructive pulmonary disease/asthma; disorders of the thyroid; obesity; affective disorder; anxiety disorder; and tobacco disorder. (R. 12). The ALJ, however, determined that none of the foregoing impairments, individually or in combination, met or medically equaled any listed impairment. (R. 13-16).

The ALJ found that the Claimant has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 416.967[1] with the following specific limitations:

> [N]o climbing or overhead reaching; no exposure to concentrated hot or humid environments, concentrated fumes, gases, poorly ventilated areas and/or hazards; and, she is limited to simple, routine tasks with no independent goal setting.

(R. 16). In light of this RFC, the ALJ found that the Claimant was unable to perform her past relevant work. (R. 22). However, the ALJ further determined that the Claimant could perform other work in the national economy, including cashier II, ticket seller, and marker. (R. 23-24). Thus, the ALJ concluded that the Claimant was not disabled between her alleged onset date, July 30, 2014, through the date of the ALJ's decision, August 30, 2017. (R. 24).

## III. Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied

---

[1] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 416.967(b).

the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV.   Analysis

The Claimant raises the following assignments of error: 1) the ALJ failed to account for all the limitations in Dr. Alvan Barber's opinion; and 2) the ALJ erred by not weighing Dr. Theodore Weber's opinion. (Doc. 15 at 8-11, 15-16). The undersigned will address each assignment of error in turn.

The ALJ is tasked with assessing a claimant's RFC and ability to perform past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis*, 125 F.3d at 1440. In determining a claimant's RFC, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining and non-examining medical sources. *See* 20 C.F.R. § 404.1545(a)(3); *see also Rosario v. Comm'r of*

*Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012).

Examining and non-examining physicians' opinions are generally not entitled to any special deference. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (citing *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986)); *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985) (citing *Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir.1985)). Nevertheless, the ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned to each opinion. *Winschel*, 631 F.3d at 1179. The failure to state the weight with particularity or articulate the reasons in support of the weight prohibits the Court from determining whether the ultimate decision is rational and supported by substantial evidence. *Id.*

### A. Dr. Barber

Dr. Barber opined, in relevant part, that the Claimant "cannot walk for long periods of time." (Doc. 15 at 9). The ALJ assigned Dr. Barber's opinion "great weight" and limited the Claimant to light work with several additional limitations, none of which related to the Claimant's ability to walk. (R. 16). The Claimant contends that Dr. Barber's opinion concerning the Claimant's ability to walk conflicts with the ALJ's determination that the Claimant can perform light work. (Doc. 15 at 10-11). Thus, the Claimant argues that the ALJ failed to include or account for Dr. Barber's opinion concerning the Claimant's ability to walk in the RFC determination. (*Id.*).

The Commissioner contends that Dr. Barber's opinion concerning the Claimant's ability to walk is consistent with the performance of light work. (*Id.* at 12). Thus, the Commissioner argues that Dr. Barber's opinion is "fully incorporated" into the RFC determination. (*Id.* at 11). The Commissioner also contends that if the walking limitation is inconsistent with light work any resulting error would be harmless. (*Id.* at 11-12). Specifically, the Commissioner points to the ALJ's question to the vocational expert (VE) about whether the Claimant could still perform the

marker and cashier jobs if she was required to change positions between sitting and standing every hour. (*Id*. at 12-13). The VE responded in the affirmative, which the Commissioner argues confirms that those jobs do not require the Claimant to walk for long periods of time. (*Id*.).[2]

In October 2014, Dr. Barber performed a one-time physical examination of the Claimant. (R. 490-97). Based upon that examination, Dr. Barber opined that the Claimant "cannot walk for long periods of time," "can stand for reasonable periods of time," "can sit without difficulty," "cannot squat," "can push and pull with upper extremities," and "can use upper body movements and coordinated activities with hands." (R. 497).

The ALJ considered Dr. Barber's opinion and assigned it "great weight" without qualification. (R. 18-20). Ultimately, the ALJ found that the Claimant has the RFC to perform light work with other limitations, none of which relate to the Claimant's inability to walk for long periods of time. (R. 16).

There is no dispute that since the ALJ gave great weight to Dr. Barber's opinion the ALJ should have included or accounted for Dr. Barber's opinion that the Claimant "cannot walk for long periods of time" in the RFC determination. (*See* Doc. 15 at 8-14). The parties, however, do dispute whether the ALJ's decision to limit the Claimant to light work is consistent with or accounts for an inability to walk for long periods of time. (*Id*.).

The ALJ essentially found that the Claimant could perform a full range of light work with postural, manipulative, environmental, and mental limitations. (R. 16). The regulations define

---

[2] The Commissioner also argues that the ALJ did not err by failing to explain how she incorporated the walking limitation into her RFC determination and that any failure to explicitly weigh Dr. Barber's opinion concerning the Claimant's ability to walk is harmless. (Doc. 15 at 13-14). The Claimant, however, did not raise these arguments on appeal. (*See id*. at 8-11). Thus, the undersigned declines to address those arguments in considering the merit of the Claimant's first assignment of error.

light work as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, *a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.* To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities."

20 C.F.R. § 416.967(b) (emphasis added). In addition to the foregoing regulation, the Commissioner has stated that a "full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251, at *6 (1983).[3]

The issue before the Court, *i.e.*, whether the inability to stand for long periods of time is inconsistent with the performance of light work, has been addressed in two previous cases.

In *Williams v. Comm'r of Soc. Sec.*, Dr. Barber[4] opined that the claimant could "not walk and stand for long periods of time." *Id.*, Case No. 6:13-cv-464-Orl-DAB, 2014 WL 412566, at *3 (M.D. Fla. Feb. 3, 2014). The ALJ assigned "significant weight" to Dr. Barber's opinion and ultimately found the claimant capable of performing light work. *Id.* On appeal, the claimant argued that the ALJ erred by finding that the claimant could perform light work because it conflicted with Dr. Barber's opinion that the claimant could "not walk and stand for long periods of time."

---

[3] The "Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration." *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010) (citing *Sullivan v. Zebley*, 493 U.S. 521, 531 n.9 (1990)). "Even though the rulings are not binding on [the Court, the Court] should nonetheless accord the rulings great respect and deference, if the underlying statute is unclear and the legislative history offers no guidance." *Id.* (citing *B. ex rel. B. v. Schweiker*, 643 F.2d 1069, 1071 (5th Cir. 1981)).

[4] This is the same Dr. Barber involved in the present case.

*Id.* The Commissioner argued that Dr. Barber's opinion did not conflict with the ability to perform light work because Dr. Barber "did not define 'long periods of time' or otherwise indicate that [the claimant] could not stand, off and on, for 6 hours in an 8-hour day." *Id.* at *4. The court disagreed with the Commissioner, finding that "[s]ix hours out of an eight-hour day constitutes 'a long time." *Id.* Hence, the court found that the inability to walk and stand for long periods of time was inconsistent with light work. *Id.*

Shortly after *Williams* was decided, the Court was faced with a similar issue in *Delker v. Comm'r of Soc. Sec.*, Case No. 6:12-cv-1602-Orl-GJK, 2014 WL 667793 (M.D. Fla. Feb. 20, 2014). In *Delker*, the same Dr. Barber opined that the claimant "cannot walk for long periods of time with fatigue." *Id.* at *1. The ALJ did not weigh Dr. Barber's opinion and ultimately found the claimant capable of performing light work. *Id.* at *2-3. The Claimant argued, and the Commissioner conceded, that the ALJ erred by not weighing Dr. Barber's opinion. *Id.* at *3. However, the Commissioner argued that the error was harmless because Dr. Barber's opinions were not inconsistent with the ALJ's RFC assessment. *Id.* The court disagreed and pointed to the decision in *Williams*. *Id.* at *4. The court found *Williams* to be persuasive and, as a result, concluded that the inability to walk for long periods of time was inconsistent with light work. *Id.*

The undersigned also finds *Williams* and *Delker* to be persuasive. The Commissioner has clarified that a full range of light work requires an individual to stand or walk for a total of approximately six hours in an eight-hour workday. SSR 83-10, 1983 WL 31251, at *6. As the court in *Williams* concluded, the ability to do something for six hours in an eight-hour workday constitutes a "long time." *Williams*, 2014 WL 412566, at *4. Thus, the inability to walk for "long periods of time" is inconsistent with the ability to perform "light work," which includes walking for a total of approximately six hours in an eight-hour workday. *Id.* Indeed, the Commissioner has

not cited any authority to the contrary. Thus, the undersigned finds that limiting the Claimant to light work is inconsistent with Dr. Barber's opinion that the Claimant cannot walk for long periods of time, an opinion that the ALJ gave great weight.

The ALJ is not required to include every limitation in a medical opinion verbatim into the RFC determination simply because he assigned the opinion great weight. *Ross v. Comm'r of Soc. Sec.*, Case No. 6:15-cv-1764-Orl-DCI, 2017 WL 1180004, at *7 (M.D. Fla. Mar. 30, 2017). The ALJ, however, is required to provide a reasoned explanation as to why he chose not to include particular limitations in the RFC determination. *See Winschel*, 631 F.3d at 1179 ("It is possible that the ALJ considered and rejected these two medical opinions, but without clearly articulated grounds for such a rejection, we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence."); *see also Monte v. Astrue,* Case No. 5:08-cv-101-Oc-GRJ, 2009 WL 210720, at *6-7 (M.D. Fla. Jan. 28, 2009) (An "ALJ cannot reject portions of a medical opinion without providing an explanation for such a decision.") (citing *Morrison v. Barnhart*, 278 F. Supp. 2d 1331, 1337 (M.D. Fla. 2003)).

Having given great weight to Dr. Barber's opinion, the ALJ should have provided a reasoned explanation as to why the RFC determination did not include or account for Dr. Barber's opinion that the Claimant could not walk for long periods of time. *See Winschel*, 631 F.3d at 1179; *Monte*, 2009 WL 210720, at *6-7. The ALJ did not do so. Without any explanation for this action, the undersigned is unable to conduct a meaningful review of the ALJ's decision to not include or account for the walking limitation. Therefore, the undersigned finds that the ALJ's decision is not supported by substantial evidence.[5]

---

[5] The undersigned notes that the ALJ also did not include or account for Dr. Barber's opinion that the Claimant could not squat. (*See* R. 16). While the Claimant did not raise that issue on appeal, the undersigned nevertheless recommends that the ALJ address that portion of Dr. Barber's

Contrary to the Commissioner's argument, this error is not harmless. After the VE testified that an individual with the Claimant's RFC could work as a cashier II, ticket seller, and marker, the ALJ asked whether the addition of another limitation, *i.e.*, the ability to change positions between sitting and standing every hour, would affect the individual's ability to work as a cashier II, ticket seller, and marker. (R. 56-57). The VE testified that there would be fewer cashier II jobs, but the other jobs that she identified, *i.e.*, ticket seller and marker, would be unchanged. (R. 57-58). However, the VE testified based on the original hypothetical, which limited the Claimant to light work, which, as discussed above, involves walking for long periods of time. Thus, it is unclear whether the VE would have identified the same jobs had the ALJ accounted for the Claimant's inability to walk for long periods of time in both the RFC and the original hypothetical. Therefore, the undersigned cannot say that the ALJ's error was harmless.

In light of the foregoing, the undersigned respectfully recommends that the Court accept the Claimant's first assignment of error.

### B. Dr. Weber

The Claimant's second assignment of error is based on the ALJ's failure to mention or weigh Dr. Weber's opinion, which the Claimant contends is inconsistent with the ALJ's RFC determination. (Doc. 15 at 15-16).

The Commissioner tacitly concedes that the ALJ did not weigh Dr. Weber's opinion, and in turn essentially admits that the ALJ erred. However, the Commissioner argues that any error was harmless because the RFC determination is more restrictive then Dr. Weber's opinion. (*Id*. at 16-17). Further, the Commissioner argues that even if there is a "slight variance" between Dr. Weber's opinion and the RFC determination, any error is harmless because the ALJ would have reached the

---

opinion on remand.

same conclusion, *i.e.*, the Claimant is not disabled. (*Id.* at 17-18).

On December 18, 2014, Dr. Weber, a non-examining psychologist, reviewed the Claimant's medical records and completed a Mental Residual Functional Capacity Assessment. (R. 102-104). Based on his review of the Claimant's medical records, Dr. Weber opined as follows:

- The Claimant "[w]ould be able to understand and remember simple and complex instructions."

- The Claimant "[w]ould [be] able to complete simple and complex tasks/work procedures and be able to make work decisions but would have difficulties with maintaining attention and concentration for extended periods."

- The Claimant "[w]ould be able to cooperate and be socially appropriate but would have difficulties accepting criticism from supervisors."

- The Claimant "[w]ould be able to react/adapt appropriately to the work environment but would have some difficulties setting realistic goals."

(R. 104). In conclusion, Dr. Weber opined that "[o]verall, [the Claimant] is capable of completing simple and complex tasks on a regular basis from a mental standpoint." (*Id.*).

The ALJ did not weigh Dr. Weber's opinion (R. 10-24), which is a clear error. *Winschel*, 631 F.3d at 1179. The Claimant essentially argues that the error is not harmless because the RFC determination does not account for Dr. Weber's opinion that the Claimant would have difficulties accepting criticism from supervisors. (Doc. 15 at 16). The Commissioner, on the other hand, contends that the Claimant misreads Dr. Weber's opinion. (*Id.* at 17). Specifically, the Commissioner contends that Dr. Weber translated the bullet pointed findings set forth above to reach his ultimate opinion that the Claimant "is capable of completing simple and complex tasks on a regular basis from a mental standpoint." (*Id.*). The Commissioner argues that this opinion is less restrictive than the RFC determination and, thus, any error the ALJ committed by not weighing Dr. Weber's opinion is harmless. (*Id.*).

The failure to weigh Dr. Weber's opinion is not harmless error. Contrary to the

- 10 -

Commissioner's argument, Dr. Weber's opinion was not limited to finding that the Claimant "is capable of completing simple and complex tasks on a regular basis from a mental standpoint." Aside from Dr. Weber prefacing that finding by stating "overall," there is nothing else in Dr. Weber's findings that suggest his opinion was as limited as the Commissioner argues. Further, accepting the Commissioner's argument necessarily ignores certain portions of Dr. Weber's opinion, including his opinion that the Claimant would have difficulties accepting criticism from supervisors. The Commissioner's interpretation does not seem consistent with Dr. Weber's findings. Thus, the undersigned finds that Dr. Weber's statement that the Claimant would have difficulties accepting criticism from supervisors is part of his opinion concerning the Claimant's mental RFC. In so finding, the undersigned concludes that the RFC determination is not more restrictive than Dr. Weber's opinion, because it does not contain any social limitations, let alone a limitation concerning the Claimant's ability to interact with supervisors.

Moreover, the undersigned finds no merit to the Commissioner's argument that the "slight variance" between Dr. Weber's opinion and the RFC determination is harmless because the inclusion of the supervision limitation would not change the outcome of the case. This argument is, at best, speculative because there is nothing in the record demonstrating one way or another whether including a restriction concerning the Claimant's ability to interact with supervisors would impact the VE's testimony. For these reasons, the undersigned finds that the ALJ's failure to weigh Dr. Weber's opinion is not harmless error.

In light of the foregoing, the undersigned respectfully recommends that the Court accept the Claimant's second assignment of error.

## V. Conclusion

Accordingly, the undersigned respectfully **RECOMMENDS** that the Court:

1. **REVERSE** and **REMAND** the Commissioner's final decision for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2. The Clerk be **DIRECTED** to enter judgment in favor of the Claimant and against the Commissioner.

3. The case be closed.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 23, 2019.

*/s/ Leslie R. Hoffman*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy